UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KINGDAWUD BURGESS, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 12-10832-PBS |
| J. GRONDOLSKY, | ) ) ) | |
| Respondent. | ) ) | |

REPORT AND RECOMMENDATION ON
RESPONDENT'S MOTION TO DISMISS

February 26, 2013

SOROKIN, C.M.J.

Pending is the Respondent's Motion to Dismiss the Petitioner, Kingdawud Burgess's Petition for Writ of Habeas Corpus. Docket # 16. For the following reasons, I RECOMMEND that his Motion be ALLOWED.

I.   FACTUAL AND PROCEDURAL BACKGROUND

On November 2, 2000, Burgess was convicted of possession with intent to distribute cocaine after a jury trial in the Superior Court of the District of Columbia. Docket # 17-1 at 4. He was sentenced to one-to-three years in prison. Id. On January 25, 2002, the District of Columbia Court of Appeals affirmed his conviction. Docket # 17-2 at 2. Vanessa Herbin-Smith of the Bureau of Prisons affirms that her review of the bureau's records reveals that Burgess completed his District of Columbia Superior Court sentence on February 4, 2004, when he was

1

paroled.  Docket #17-3 at ¶ 4.

On January 26, 2007, Burgess was convicted on a federal charge of possession with intent to distribute cocaine in the Eastern District of Virginia and he was sentenced to 200 months incarceration to be followed by five years of supervised release.  Docket # 17-3 at ¶ 3 (citing Id. at 6).  Burgess is currently incarcerated as a result of that conviction at FCI Edgefield, located in Edgefield, South Carolina.[1]

The record is silent as to when Burgess's parole in connection with the District of Columbia conviction expired, although his prison sentence would have ended on February 3, 2006.  That date is prior to the June and July, 2006 conduct which gave rise to the federal charges.  See United States v. Burgess, 2012 WL 1378322 *1 (E.D. Va.April 18, 2012).  In any event, Burgess himself has noted in a prior pleading that "the time has been served" and that "[b]eing that the Petitioner has already served the time, [there] is nothing to be sought but the truth." Docket # 7-1 at 1.

On March 18, 2008, Burgess filed a motion pursuant to D.C. Code § 23-110 in the District of Columbia Superior Court, asking that court to vacate, set aside, or correct the sentence imposed pursuant to his November, 2000 conviction on the grounds off insufficient evidence and ineffective assistance of counsel.  Docket #17- 5 at 2.  On April 10, 2008, that Court denied

---

[1] At the time his Petition was filed, Burgess was incarcerated at the Federal Medical Center - Devens in Ayers, Massachusetts (see Docket # 17-3 at ¶ 3).  At the time of the Respondent's filing of his motion to dismiss, Burgess was incarcerated at the United States Penitentiary in Atlanta, Georgia.  See Docket # 17 at n. 1 (citing the Bureau of Prisons Inmate Locator).  The BOP inmate locator currently shows that Burgess is incarcerated at FCI Edgefield.  Although the location of Burgess's incarceration would be relevant to the determination of the proper venue for his habeas action, other aspects of his Petition deprive the Court of jurisdiction without regard to venue, as described infra.

Burgess's motion. Docket #17-7. On April 18, 2008, it denied his Motion to Reconsider. Docket # 17-6. On July 28, 2008, the same Court denied Burgess's pro se motion asking the court to reconsider its order denying relief. Docket # 17-8. On March 9, 2010, the District of Columbia Court of Appeals denied Burgess's appeal and affirmed his conviction in an unpublished memorandum opinion. Docket #17-9. On October 4, 2010, the United States Supreme Court denied Burgess's petition for certiorari. Docket #17-10.

On April 25, 2012, Burgess mailed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, claiming ineffective assistance of his appointed counsel during the appeal of the denial of his § 23-110 petition in the District of Columbia Court of Appeals. Docket # 1 at 7.[2] Burgess makes no complaints therein concerning his incarceration resulting from his federal conviction in the Eastern District of Virginia.

II.     DISCUSSION

The Respondent asserts that Burgess's Petition must be dismissed because: (1) Burgess is not currently in state custody for the District of Columbia conviction concerning which he alleges ineffective assistance of appellate counsel; and, (2) Burgess's challenge to that conviction is in any event time-barred.

In order to obtain federal habeas review of his District of Columbia conviction, Burgess must be "in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It is undisputed that although

---

[2] On July 16, 2012, Burgess filed a second Petition for Writ of Habeas Corpus. Docket # 11. This second Petition repeats the same allegations concerning ineffective assistance of his appellate counsel with respect to his District of Columbia appeal which were made in the initial Petition (i.e., Docket # 1). The Respondent's motion does not make reference to the duplication, and its arguments are equally applicable to both Petitions.

Burgess is in custody, he is nevertheless not in custody pursuant to the November, 2000 conviction in the District of Columbia which is challenged within his Petition, but rather pursuant to his January, 2007 federal conviction in the Eastern District of Virginia. A habeas petitioner is considered "in custody" if he is confined "under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989). This is not the case with respect to Burgess's Petition.

Moreover, although the District of Columbia conviction complained of in Burgess's Petition was used to enhance the federal sentence for which he is currently in custody,[3] Burgess may not challenge his enhanced federal sentence via the mechanism of a § 2254 petition. See Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 403 (2001) ("once a state conviction is no longer open to direct or collateral attack in its own right . . . the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained") (citation omitted).[4]

Additionally, even if there were federal jurisdiction over Burgess's habeas petition, it would nevertheless be time-barred. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period runs from "the date on which the judgment became

---

[3] Burgess has also made numerous unsuccessful challenges to the application of the sentencing guidelines to his federal conviction. See Docket # 17 at 3-4.

[4] The exception discussed in Lackawanna with respect to Sixth Amendment challenges based upon a failure to appoint counsel is not applicable to Burgess's case. See Lackawanna, 532 U.S. at 404.

final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). More than one year elapsed between the United States Supreme Court's October 4, 2010 denial of certiorari and Burgess's April 25, 2012 mailing of his habeas corpus Petition. See Docket # 1 at 7. Thus, his Petition is time-barred even without addressing the years that elapsed between Burgess's District of Columbia conviction becoming final in January, 2002 and his March, 2008 motion pursuant to D.C. Code § 23-110 alleging ineffective assistance of counsel.

III. CONCLUSION

For the foregoing reasons, I RECOMMEND that the Court ALLOW the Respondent's Motion to Dismiss (Docket # 16).[5]

        /s / Leo T. Sorokin
Leo T. Sorokin
Chief United States Magistrate Judge

---

[5] The Parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within 14 days of receipt of this Report and Recommendation. The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b). The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir.1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir.1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir.1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir.1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir.1983); see also Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).